**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Kendra Anderson,

                  Plaintiff,

    v.

Apria Healthcare Corp.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Kendra Anderson ("Plaintiff"), by and through her attorneys, Valli Kane & Vagnini LLP LLP, brings this action for damages and other legal and equitable relief against Defendant Apria Healthcare Corp. ("Defendant"), for violations of the Fair Labor Standards Act ("FLSA"); New York Labor Law ("NYLL"); the New York Codes, Rules and Regulations ("NYCRR"); and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is a putative collective action brought by Plaintiff challenging acts committed by Defendant against Plaintiff and those similarly situated, which amount to violations of federal and state wage and hour laws.

2. Defendant employed Plaintiff and all other persons similarly situated as Respiratory Therapists (collectively with Plaintiff, "RTs").

3. First, pursuant to 29 U.S.C. § 216(b), on behalf of herself and a collective of persons who are and were employed by Defendant as Respiratory Therapists in New York during the past three years through the final date of the disposition of this action who were not paid the statutorily required rate of one and a half times their hourly rate for all hours worked in excess of 40 per workweek and are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked

in a workweek, as required by law; (ii) unpaid overtime; (iii) liquidated damages; (iv) interest; (v) attorneys' fees and costs; and (vi) such other and further relief as this Court finds necessary and proper.

4. Second, Plaintiff individually brings this action pursuant to the NYLL and NYCRR for Defendant's unlawful wage deductions, failure to pay all earned and due wages, failure to pay overtime, and wage statement violations and is entitled to recover (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law; (ii) unpaid overtime; (iii) liquidated damages; (iv) penalties; (v) interest; (vi) attorneys' fees and costs; and (vii) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (ii) under 29 U.S.C. §§ 201 *et seq*.

6. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201 *et seq*., in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), in that Defendant maintains facilities, conducts business and resides in this district.

7. The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

## THE PARTIES

8. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, the NYLL, and the NYCRR and is domiciled in New York State.

9. Upon information and belief, Defendant is a privately owned business headquartered in Indianapolis, Illinois.

10. Defendant has at all relevant times been an "employer" covered by the FLSA, the NYLL, and the NYCRR.

11. Upon information and belief, the amount of qualifying annual volume of business for Defendant exceeds $500,000.00 and thus subjects Defendant to the FLSA.

12. Upon information and belief, Defendant is engaged in interstate commerce. This independently subjects Defendant to the FLSA.

13. Upon Information and belief, Defendant transacted business in New York and within Queens County by employing Plaintiff and those similarly situated.

## STATEMENT OF FACTS

14. In or around February 2016, Plaintiff began her employment for Defendant as a Respiratory Therapist at its Long Island City location. Her employment ended on February 1, 2020.

15. Plaintiff was paid on an hourly basis. Her rate was $37.50 per hour.

16. Plaintiff scheduled hours were 10:30 am to 6:30 pm with a 30-minute unpaid lunch break and two 15-minute paid breaks. Plaintiff, however, routinely worked in excess of forty hours per week.

17. As an RT, if Plaintiff was required to work more than 30 minutes after the end of her scheduled shift (6:30 pm), she was required to "clock out" for 20 minutes between 6:30 pm and 7:00 pm. She was then allowed to "clock in" again.

18. As an RT, Plaintiff was not paid anything, including overtime wages, for the 20 minutes she was required to "clock out." She was only paid for the before and after the 20-minute "clock out."

19. Plaintiff worked past 7:00 pm approximately four days per week.

20. Plaintiff has been required to "clock out" four days per week in weeks when she worked in excess of 40 recorded hours worked per week.

21. 20 minutes is an insufficient amount of time to be a bona fide meal break under the FLSA, the NYCRR, and the NYLL.

22. Accordingly, as a result of its 20-minute "clock out" policy, Defendant violated the FLSA, the NYCRR, and the NYLL by not paying Plaintiff the overtime premium for all hours worked in excess of 40.

23. As a further result of Defendant's 20-minute "clock out" policy, it failed to pay Plaintiff all earned and due wages and/or made unlawful deductions from Plaintiff's pay in violation of the NYLL.

24. As another result of Defendant's aforementioned violations, throughout her employment for Defendant, Plaintiff was not issued the proper wage statements as required by NYLL § 195.

25. Defendant's violations of the FLSA, NYLL, and NYCRR were willful.

### FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on her own behalf as well as those in the following collective:

> All Respiratory Therapist employed by Defendant in New York during the past three years through the final date of disposition of this action, who are or were required to work in excess of 40 hours per workweek without compensation at the statutorily required rate

4

of one and a half times their hourly rate for all hours worked in excess of 40 per workweek.

27. At all relevant times, Plaintiff was similarly situated to all such individuals in the FLSA Overtime Collective[1] because, while employed by Defendant, Plaintiff and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of 40 hours per workweek and were subject to Defendant's policies and practices of willfully failing to pay them at the statutorily required rate of one and a half times their hourly rate for all hours worked in excess of 40 per workweek.

28. Defendant is and has been aware of the requirement to pay Plaintiff and the FLSA Plaintiffs at a rate of one and a half times their hourly rate for all hours worked in excess of forty 40 per workweek, yet willfully chose not to.

29. The FLSA Plaintiffs, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendant's records. Notice of this collective action can be made as soon as the Court determines it appropriate to do so.

30. The number of FLSA Plaintiffs in the collective are too numerous to join in a single action, necessitating collective recognition.

31. All questions relating to Defendant's violation of the FLSA share a common factual basis as set forth herein. No claims under the FLSA relating to Defendant's failure to pay statutorily required rate of one and a half times the FLSA Plaintiffs' hourly rate for all hours worked in excess of 40 per workweek are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of the collective.

---

[1] Hereinafter referred to as the "FLSA Plaintiffs".

32. Plaintiff will fairly and adequately represent the interests of the collective and has no interests conflicting with the collective.

33. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

34. Plaintiff's attorneys are familiar and have experience with collective and class action litigation, as well as employment and labor law litigation.

35. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the collective's interests without their knowledge or contribution.

36. The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendant's continued violations of the FLSA will undoubtedly continue.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**The Fair Labor Standards Act, 29 U.S.C. § 207, Made by Plaintiff on Behalf of All FLSA Plaintiffs**
**(Failure to Pay Overtime)**

37. Plaintiff and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

38. Throughout the period covered by the applicable statute of limitations, Plaintiff and other FLSA Plaintiffs were required to work and did in fact work in excess of forty hours per workweek.

39. Throughout the relevant time period, Defendant knowingly failed to pay Plaintiff and the FLSA Plaintiffs the statutorily required overtime wages for all hours worked per over 40 per workweek by requiring them to clock-out for 20 minutes any day they worked a half hour past their scheduled shift time.

40. Plaintiff and the FLSA Plaintiffs were entitled to overtime pay for all hours worked in excess of 40 per workweek.

41. Defendant's conduct was willful and lasted for the duration of the relevant time period.

42. Defendant's conduct was in violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**The New York Labor Law and the New York Codes, Rules, and Regulations § 142-1.4**
**(Failure to Pay Overtime)**

43. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Throughout the period covered by the applicable statute of limitations, Plaintiff was required to work and did in fact work in excess of 40 hours per workweek.

45. Throughout the period covered by the applicable statute of limitations, Defendant knowingly failed to pay Plaintiff the statutorily required overtime rate for all hours worked in excess of 40 per workweek.

46. Defendant's conduct was willful and lasted for the duration of the relevant time period.

47. Defendant's conduct was in violation of the New York Labor Law and the New York Codes, Rules, and Regulations § 146-1.4.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law § 191
**(Failure to Timely Pay Wages)**

48. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Throughout the period covered by the applicable statute of limitations, Defendant was required to pay Plaintiff all earned and due wages on her scheduled payday.

50. Defendant, however, failed to pay Plaintiff all earned and due wages on her scheduled payday as a result of its 20-minute "clock out" policy.

51. Defendant's conduct was willful and lasted for the duration of the relevant time period.

52. Defendant's conduct was in violation of the New York Labor Law § 191.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law § 193
**(Deduction of Wages)**

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

251. Throughout the period covered by the applicable statute of limitations, Defendant unlawfully deducted 20 minutes of pay from Plaintiff's paycheck each day that she worked past 7:00 pm.

252. Defendant's conduct was willful and lasted for the duration of the relevant time period.

253. Defendant's conduct was in violation of the New York Labor Law § 193.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
**The New York Labor Law § 195**
**(Failure to Provide Proper Wage Statements)**

254. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

255. Pursuant to the NYLL, employers are required to furnish employees with every payment of wages a statement that includes, among other things, an accurate wages, accurate, number of hours worked, and the employer's phone number.

256. Throughout the relevant time period, Defendant knowingly failed to provide Plaintiff with the required wage statements pursuant to the NYLL.

257. Defendant's conduct was willful and lasted for the duration of the relevant time period.

258. Defendant's conduct was in violation of New York Labor Law § 195.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all Collective Plaintiffs demand judgment against Defendant as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the purported collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

B. Designation of Plaintiff as representative of the FLSA Collective defined herein, and Plaintiff's counsel as Collective counsel;

C. Equitable tolling of the FLSA statute of limitations as a result of Defendant's failure to post requisite notices under the FLSA;

D. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed Collective members under the FLSA;

E. Preliminary and permanent injunctions against Defendant and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

F. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*; the New York Labor Law; the New York Code Rules & Regulations; and the Wage Theft Prevention Act.

G. All damages which Plaintiff and all Collective Plaintiffs have sustained as a result of Defendant's conduct, including back pay, liquidated damages, and penalties;

H. An award to Plaintiff and all Collective Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

I. An award to Plaintiff and all Collective Plaintiffs representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

J. An award to Plaintiff and all Collective Plaintiffs for the amount of unpaid wages, including interest thereon, liquidated damages subject to proof, and penalties;

K. Awarding Plaintiff and all Collective Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

L. Pre-judgment and post-judgment interest, as provided by law; and

M. Granting Plaintiff and all Collective Plaintiffs other and further relief as this Court finds necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated: January 19, 2023
Garden City, New York

                                            Respectfully submitted,

                                            */s/ Alexander M. White*
                                            Alexander M. White
                                            **Valli Kane & Vagnini LLP**
                                            600 Old Country Road, Suite 519
                                            Garden City, New York 11530
                                            T: (516) 203-7180
                                            F: (516) 706-0248

                                            *Attorneys for Plaintiff*