

## Valli Kane & Vagnini
### Employee Rights Attorneys

600 Old Country Road  
Suite 519  
Garden City, NY 11530

Tel: (516) 203-7180  
Fax: (516) 706-0248  
www.vkvlawyers.com

July 20, 2023

**VIA ECF**  
The Honorable Peggy Kuo  
United States District Court  
Eastern District of New York  
225 Cadman Plaza  
East Brooklyn, New York 11201

      Re:   *Anderson v. Apria Healthcare Corp.*  
             Case No.: 1:23-CV-00383 (KAM)(PK)

Dear Judge Kuo:

      As Your Honor is aware, this office represents Plaintiff Kendra Anderson ("Plaintiff") in the above-captioned matter. We write with the consent of Defendant Apria Healthcare Corp. ("Defendant") (together with Plaintiff, the "Parties") to respectfully request that the Court approve the Parties' Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") settlement agreement, which is attached hereto as Exhibit 1 ("Ex. 1").

### Plaintiff's Allegations

      In or around February 2016, Plaintiff began her employment for Defendant as a Respiratory Therapist at its Long Island City location. Her employment ended on February 5, 2021 and her last rate of pay was about $37.50 per hour and $56.25 per overtime hour.

      On January 19, 2023, Plaintiff commenced this action alleging violations of the FLSA, the New York Labor Law ("NYLL"), and the New York Code, Rules, and Regulations ("NYCRR"). Specifically, Plaintiff alleges in the complaint that Defendant required her to take 20-minute unpaid breaks when she worked past 7:00 pm. She further alleges that as a result of these 20-minute breaks being unpaid, she was not paid all earned and due overtime wages pursuant to the FLSA, the NYLL, and the NYCRR. *See* 29 CFR § 785.18 ("Rest periods of short duration, running from 5 minutes to about 20 minutes . . . must be counted as hours worked.").

      In addition to her unpaid overtime wages claims, Plaintiff also asserts a claim of improper wage statements pursuant to NYLL § 195. Specifically, she alleges that because the 20-minute breaks were not counted by Defendant as hours worked, her paystubs do not reflect all hours worked.

      As explained below, Defendant disputes Plaintiff's allegations and maintains that it properly compensated Plaintiff during the entirety of her employment. If this settlement is not consummated, Defendant reserves its right to challenge all facts, and assert all of its stated affirmative defenses.

# ARGUMENT

### I.     Legal Standard.

This Circuit mandates that the settlement of FLSA claims must be "fair and reasonable". *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015); *see Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015). Courts consider the following factors when determining whether a settlement is "fair and reasonable":

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Lopez v. Nights of Cabiria, LLC.*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

### II.    The Proposed Settlement Agreement Is Fair and Reasonable.

During settlement negotiations, Defendant produced Plaintiff's payroll report so that Plaintiff could calculate her alleged damages with accuracy. Defendant also produced 113 pages of paystubs and 207 pages of handwritten payroll adjustment forms that were reviewed by both Plaintiff and her counsel to authenticate the accuracy of the payroll report. Using these documents produced by Defendant, Plaintiff estimates that she was deprived of 27.52 hours of overtime wages during the six year period preceding the filing of the complaint.[1] Notably, this calculation includes uncompensated breaks that were longer than 20 minutes but less than 30 minutes, which may not be recoverable under the FLSA, the NYLL, and the NYCRR.

Using an overtime rate of $56.25, Plaintiff estimates that she is owed $1,548.00 in unpaid overtime wages and $1,548.00 in liquidated damages or a total of $3,096.00 for the six year period preceding the filing of the complaint. Plaintiff also estimates that she is owed $5,000.00 in penalties for Defendant's NYLL wage statement violation, which is the statutory maximum. *See* NYLL § 198.

Defendant maintains that Plaintiff was paid for all hours worked, and specifically denies Plaintiff's allegations that it failed to properly pay her overtime pay for all overtime hours worked. Specifically, Defendant asserts that Plaintiff did not suffer any damages during the FLSA limitations period. Defendant further disputes that the FLSA's less than 20-minute breaks applies to the NYLL, as the NYLL allows for 20-minute unpaid meal periods and therefore the FLSA would consider this a bona fide meal period under the circumstances. Because Defendant maintains that Plaintiff's substantive claims are without merit, her derivative claims for statutory penalties are deficient.

---

[1] This six-year period is to account for the New York Labor Law's six year statute of limitations.

2

If Defendant's defenses are found to be credible, Plaintiff would have her damages substantially reduced, possibly to nothing. Thus, the settlement alleviates Plaintiff's risk of a lower or no recovery. It also alleviates the need for the Parties to continue with costly discovery, motion practice, and trial. Indeed, by settling the case, Defendant is able to avoid the costs, burdens, and risks of litigation, and payment of counsel fees, in the event that Plaintiff prevails.

Thus, the proposed settlement agreement is both fair and reasonable under the FLSA in that Defendant has agreed to compensate Plaintiff a total sum of $10,000.00 from which, after $4,000.00 for attorneys' fees and $426.05 for costs have been deducted, Plaintiff shall receive $5,573.95. This equates to over 100% of what Plaintiff believes she could have recovered under the FLSA at trial even after attorneys' fees and costs. The total settlement also equates to over 100% of what Plaintiff could have recovered under the NYLL, and the NYCRR at trial. After attorneys' fees and costs, it still equates to over 100% of her unpaid overtime wages under the NYLL/NYCRR and 68% of her total NYLL/NYCRR damages when including the wage statement penalties. *See Lopez*, 96 F. Supp. 3d (approving a settlement where the plaintiffs recovered approximately 33.33% of their total possible recovery).

Finally, the Parties' counsel are experienced litigators. Indeed, Valli Kane & Vagnini LLP ("VKV") has litigated hundreds of FLSA actions. *See, e.g.*, Valli Kane & Vagnini LLP's Firm Resume, attached hereto as Exhibit 2. They were able to reach a settlement on behalf of the Plaintiff after significant and lengthy document review of Plaintiff's payroll records and through private negotiations. Therefore, the settlement agreement is the result of arm's length negotiation without the possibility of fraud or collusion. Accordingly, the proposed settlement agreement is both fair and reasonable.

### III.  The Attorneys' Fees Pursuant to the Settlement Are Reasonable.

Under the terms of the proposed settlement agreement and the retainer agreements between Plaintiff and her counsel, VKV will receive $4,000.00 from the settlement fund as attorneys' fees or 40%, plus incurred expenses of $426.05, which represents the costs actually incurred by VKV in litigating this matter, for a total of $4,426.05. *See* Ex 1; Plaintiff's Counsel's Expense Report, attached hereto as Exhibit 3. Plaintiff does not dispute the 40% fee.

Indeed, this District has historically limited attorneys' fees in the amount of 33.33% of the settlement fund. Recently, however, in *Fisher v. SD Prot. Inc.*, the Second Circuit held that "[t]here is no explicit limit on attorneys' fees in FLSA actions and district courts should not, in effect and practice, implement such a limit." No. 18-2504-CV, 2020 WL 550470, at *7 (2d Cir. Feb. 4, 2020). This settlement is also on an individual basis and not a collective/class-wide basis, which results in the 40% fee being significantly lower in monetary value. Furthermore, VKV has been approved several times for a 40% contingency fee in FLSA litigation. *See Katz v. Equinox Holdings, Inc.*, 1:20-CV-09856 (S.D.N.Y. 2023) (approving attorneys' fees representing 40% of the settlement fund for Valli Kane & Vagnini LLP); *LaBranche v. K-Tech Management Corp.*, 1:21-cv-02315 (E.D.N.Y. 2021) (same); *Sanchez v. Some Things Fishy LTD*, 3:20-CV-01127 (D. Conn. 2020) (same); *Fenton v. Criterion Worldwide*, No. 1:18-CV-10224 (S.D.N.Y. 2020) (same); *Marcusse*

3

*v. Citizens Arts Club, Inc.*, No. 1:19-CV-08379 (S.D.N.Y. 2020) (same); *Richardson v. Vontronix, Inc.*, No. 3:19-CV-19339 (D.N.J. 2020) (same)

VKV's 40% fee is also supported by a "lodestar crosscheck." *See Sewell v. Bovis Lend Lease, Inc.*, No. 09-CV-6548, 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012) ("When applying the percentage method to an award for attorney's fees, courts in this Circuit follow the trend of applying the lodestar method as a 'cross-check' to ensure the reasonableness of the award. . . . Courts commonly award lodestar multipliers between two and six") (citation omitted). Set forth below are VKV's summarized billing records:

| Name | Title | Hourly Rate | Hours Worked | Total Fee |
|---|---|---|---|---|
| Alexander M. White[2] | Associate | $300.00 | 18.54 | $5,562.00 |
| Alexander M. White | Associate | $275.00 | 2 | $550.00 |
| Luz Arce | Paralegal | $150.00 | .49 | $75.10 |
| Kelly Diaz | Paral/Sec. | $100.00 | .99 | $99.00 |
| | | | | |
| Total | | | | $6,286.10 |

*See* VKV's Billing Report, attached hereto as Exhibit 4; *Katz*, 1:20-CV-09856 (recently approving an FLSA settlement of two opt-in plaintiffs with Alexander M. White's hourly rate of $300.00, and Luz Arce's hourly rate of $160.00 in 2023); *LaBranche*, 1:21-CV-02315 (approving Alexander M. White's hourly rate of $275.00, Luz Arce's hourly rate of $150.00, and Kelly Diaz's hourly rate of $100.00 in 2021); *Sanchez*, 3:20-CV-01127 (approving Alexander M. White's hourly rate of $275.00 in 2020); *Marcusse*, 1:19-CV-08379 (approving Alexander M. White's hourly rate of $250.00 in 2019-2020); *see also Richardson*, No. 3:19-CV-19339 (approving Alexander M. White's hourly rate of $250.00 in 2019).

Based on VKV's billing records, the 40% fee is only about 64% their lodestar, which this Court has held to be reasonable. *See Perez v. Postgraduate Ctr. for Mental Health*, No. 19-CV-931 (EK) (PK), 2022 WL 1063864, at *2 (E.D.N.Y. Feb. 7, 2022)*, report and recommendation adopted,* No. 19-CV-931(EK)(PK), 2022 WL 1062316 (E.D.N.Y. Apr. 7, 2022) ("Even using an hourly rate of $450 and reducing the total hours billed by 15% to account for any inefficiencies or improprieties, the lodestar would be $95,483.475, which is still more than the requested attorneys' fees. The undersigned therefore finds that the attorneys' fees requested are reasonable."); *see also*

---

[2] On January 1, 2023, Alexander M. White's hourly rate increased by $25.00 due to an increase in employment litigation experience and to account for inflation. For example, in 2021, Alexander M. White was approved at an hourly rate of $275.00 in FLSA actions. When accounting for inflation and using the United States Bureau of Labor Statistics CPI Inflation Calculator, an hourly rate of $275.00 in January 2021 is equal to an hourly rate of $319.73 in May 2023. *See* https://www.bls.gov/data/inflation_calculator.htm; *see also* 212 Steakhouse, Inc., No. 22-CV-518 (JLR)(RWL), 2023 WL 2919559, at *14 (S.D.N.Y. Apr. 12, 2023) (recognizing that precedent for FLSA attorneys' fee rates "anchors rates in the past" and "that repeated use of precedent regarding attorneys' fees tethers rates to outdated standards") (citations omitted). Thus, Plaintiff's counsel rate is effectively less than it was two years ago despite an increase in employment litigation experience. *See Bozak v. FedEx Ground Package Sys., Inc.*, No. 3:11-CV00738, 2014 WL 3778211, at *6 (D. Conn. July 31, 2014) ("Fee awards in wage and hour cases are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel. . . . Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA.").

*Flores v. Anjost Corp.*, No. 11-CV-1531 (AT), 2014 WL 321831, at *9 (S.D.N.Y. Jan. 29, 2014) ("Applying the lodestar method as a 'crosscheck,' the Court finds that the fee that Class Counsel seeks is reasonable and does not represent an exorbitant multiplier-indeed, there is no multiplier.") (citations omitted). Thus, VKV's 40% fee is fair and reasonable and supported by a "lodestar crosscheck" since their recovery is less than their lodestar.

## CONCLUSION

Wherefore, Plaintiff respectfully requests that the Court approve her settlement agreement, attorneys' fees, and expenses as fair and reasonable.

We thank the Court for its time and consideration.

                                        Respectfully Submitted,

                                        */s/ Alexander M. White*
                                        Alexander M. White, Esq.

cc:    counsel of record (*via* ECF)