# HUSCH BLACKWELL

Scott D. Meyers
Attorney

8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Direct: 314.345.6274
Fax: 314.480.1505
Scott.Meyers@huschblackwell.com

August 23, 2023

**FOR SETTLEMENT PURPOSES ONLY**

<u>**VIA ELECTRONIC DELIVERY**</u>

Re:   Kendra Anderson v. Apria Healthcare Corp., Case No.: 1:23-cv-00383-KAM-PK

On August 9, 2023, Plaintiff Kendra Anderson ("Ms. Anderson") and Defendant Apria Healthcare Group, Inc. ("Apria") participated in a Fairness Hearing before Magistrate Judge Peggy Kuo regarding the parties' settlement of Ms. Anderson's claims. In advance of the Fairness Hearing, the parties submitted a Fairness Letter and copy of the settlement agreement. (Dkt. 15).

During the Fairness Hearing, the Court expressed some concerns regarding the scope of the release in Section 5 of the settlement agreement. The Court directed the parties to meet and confer regarding the release before submitting a revised settlement agreement on later than August 23, 2023. Consistent with the Court's direction, the parties met and conferred and narrowed the scope in a way that is responsive to the concerns expressed by the Court during the Fairness Hearing. A copy of the revised settlement agreement is attached hereto. The parties made the following changes to the settlement agreement:

***First,*** the parties agreed to narrow Section 5 of the settlement agreement to mirror Section 4 of the settlement agreement. As stated above, Section 5 sets forth Ms. Anderson's release of claims. Section 4, however, sets forth Apria's release of claims. Under the revised agreement, the mutual releases are identical; Ms. Anderson is releasing no more claims against Apria than Apria is releasing against her. Federal courts throughout New York—including those within the Eastern District—have approved mutual releases under similar circumstances. *See, e.g.*, *Zhu v. Meo Japanese Grill and Sushi, Inc.*, 17 CV 3521 (CLP), 2021 WL 4592530, at *4 (E.D.N.Y. Oct. 6, 2021) (approving mutual general release in FLSA settlement where the negotiations were fair due to experienced counsel, the release only bound the plaintiff, and there was no ongoing relationship between the parties); *Strauss v. Little Fish Corp.*, No. 19 CV 10158, 2020 WL 4041511, at *5 (S.D.N.Y. July 17, 2020) (holding that settlement agreements that release both sides from non-FLSA claims are acceptable when the agreement "was the fair result of a balanced negotiation" between counsel); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 CV 5008, 2016

August 23, 2023
Page 2

WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (concluding that the general "mutual releases of claims in the Settlement are fair and reasonable, and do not run afoul of the FLSA's purpose of preventing abuse by employers"); *Weng v. T&W Rest., Inc.*, NO. 15 CV 8167, 2016 WL 3566849, at *5 (S.D.N.Y. June 22, 2016) (approving a "mutual general release because it was negotiated by competent counsel, no motion for class/collective certification was filed, and it only bounds the plaintiffs explicitly named in the agreement"); *Souza v. 65 St. Marks Bistro*, No. 15 CV 327, 2015 WL 7271747, at *6 (S.D.N.Y. No. 6, 2015) (noting that the mutual release helped provide closure and "will ensure that both the employees and employer are walking away from their relationship up to that point in time without the potential for any further disputes"); *Plizaga v. Little Poland Rest, Inc.*, No. 15 CV 8820, 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016) (approving a mutual release because "the plaintiff . . . is no longer an employee of the defendants, eliminating the danger that the release was obtained through improper job-related pressure").

The facts frequently cited by these courts—namely, negotiations between experienced counsel; the settlement only binding the named plaintiff; and the lack of an ongoing employment relationship between the plaintiff and defendant—are all present in this case. Both Ms. Anderson and Apria were represented in counsel specializing in employment law; the settlement only binds Ms. Anderson; and Ms. Anderson has not worked for Apria for over two years.

**Second,** and perhaps most importantly, the parties addressed the Court's specific concern about Ms. Anderson releasing claims for which she may not even know she has. To eliminate this possibility, the parties modified the releases to no longer cover claims "whether known or unknown." Now, the releases are narrowed to only cover all claims "presently known." Thus, to the extent Ms. Anderson discovers a claim she may have against Apria for which she was not aware at the time she entered this agreement, that claim would not be subject to this release.

Based on these responsive modifications to the settlement agreement, the depth of case law supporting the parties' position, the parties hereby renew their request for approval of the settlement agreement in this matter.

Sincerely,

*/s/ Scott D. Meyers*

Scott D. Meyers
Admitted *pro hac vice*

HUSCH BLACKWELL LLP

Attachment: Settlement and Release Agreement